```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                    :
FRANK FREITAS HIGGINBOTHAM,         :
                                    :
          Petitioner,               :   Civ. No. 20-3185 (NLH)
                                    :
     v.                             :   OPINION
                                    :
                                    :
DAVID E. ORTIZ,                     :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:

Frank Freitas Higginbotham
57165-018
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Frank Freitas Higginbotham has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that the trial court was without jurisdiction to try his criminal case. ECF No. 4. For the reasons expressed below, this Court will dismiss the amended petition for lack of jurisdiction.

I. BACKGROUND

    A jury in the Middle District of Florida convicted Petitioner of conspiracy to manufacture 5 grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1), 826; and distribution of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B). United

States v. Higginbotham, No. 3:12-cr-0125 (M.D. Fla. Feb. 21, 2013) (ECF No. 76).[1]  The trial court sentenced him to 190-months imprisonment.  Id. (June 25, 2013) (ECF No. 84).  The United States Court of Appeals for the Eleventh Circuit affirmed the convictions.  United States v. Higginbotham, 558 F. App'x 912 (11th Cir. 2013).  Petitioner did not petition for certiorari or file a motion under 28 U.S.C. § 2255.  ECF No. 1 at 2.

Petitioner filed the instant petition on March 24, 2020.  ECF No. 1.  The Court administratively terminated the petition as Petitioner did not submit the Clerk's form for § 2241 petitions.  ECF No. 3.  Petitioner filed an amended petition, ECF No. 4, and the Court reopened the matter for review.

II.  DISCUSSION

    A.  Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting

---

[1] The Court takes judicial notice of these public filings.

2

submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

3

Petitioner argues that the trial court lacked criminal jurisdiction to try his case because 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States," was not properly enacted into law. Section 2255 contains an explicit provision that permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the court was without jurisdiction to impose such sentence" to file a motion to vacate, set aside, or correct the sentence in the sentencing court. 28 U.S.C. § 2255(a). Since the plain text of the statute permits a prisoner to challenge the jurisdiction of the trial court via § 2255, it is not ineffective or inadequate such that this Court would have jurisdiction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has never filed a motion under § 2255, the appropriate court would be the sentencing court, the Middle District of Florida. The Court declines to transfer this matter to the Middle District of Florida because it appears that Petitioner is beyond the one-year statute of limitations to file a motion under § 2255.

4

Moreover, the Seventh Circuit considered the argument that 18 U.S.C. § 3231 is invalid in United States v. States, 242 F. App'x 362 (7th Cir. 2007).  The entire opinion reads: "This case is unbelievably frivolous.  We AFFIRM." Id.  This Court agrees.  Nothing in this opinion should be construed as preventing Petitioner from filing in the Middle District himself if he so chooses, however.

III. CONCLUSION

    For the foregoing reasons, the amended petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

    An appropriate order will be entered.


Dated: October 2, 2020          s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.